**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3311
_____

LOURDES VERENICE HERNANDEZ SORTO,

Petitioner

v.

U.S. ATTORNEY GENERAL

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-194-869)
Immigration Judge:  Arya S. Ranasinghe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: July 7, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Lourdes Verenice Hernandez Sorto petitions for review of a decision by the Board

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of Immigration Appeals (BIA). For the following reasons, we will deny in part and dismiss in part the petition for review.

Hernandez Sorto, a native and citizen of El Salvador, entered the United States in 2011 as a minor. She was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Through counsel, Hernandez Sorto conceded the charge, and applied for relief, including asylum and withholding of removal.

In 2015, Hernandez Sorto married a U.S. citizen. She sought administrative closure of her immigration proceedings to allow her to pursue a provisional unlawful presence waiver (Form I-601A) from the United States Citizenship and Immigration Services based on an approved I-130 Petition for Alien Relative filed by her husband. The IJ denied the motion, and, after a hearing, denied all applications for relief. Hernandez Sorto appealed to the BIA, which issued a decision on May 18, 2023, dismissing the appeal, finding no error with the IJ's decision to deny administrative closure or the IJ's determination that Hernandez Sorto had not met her burden to establish eligibility for asylum or withholding of removal. Hernandez Sorto did not petition for review of that order.

On August 14, 2023, Hernandez Sorto filed a timely, counseled motion to reopen with the BIA to allow her to pursue cancellation of removal pursuant to 8 U.S.C. § 1229b(b). She maintained that the Notice to Appear (NTA) was defective because it did not specify the time and place for her hearing, as required by 8 U.S.C.§ 1229(a)(1). Thus, she argued, the charging documents did not trigger 8 U.S.C. § 1229b(b)(1)'s "stop-

2

time rule," which stops a noncitizen from accruing time towards the 10 years of continuous physical presence required to apply for cancellation of removal. *See Pereira v. Sessions*, 585 U.S. 198, 202 (2018) (recognizing that the 10-year continuous presence clock is not stopped by a defective NTA). In a decision issued on July 8, 2024, the BIA denied the unopposed motion, finding that Hernandez Sorto had failed to make a prima facie showing of her eligibility for cancellation of removal. The BIA also declined to sua sponte reopen the proceedings.

On October 4, 2024, Hernandez Sorto filed a counseled motion to reconsider, reopen, or terminate her removal proceedings. She argued that the BIA should reconsider the denial of the motion to reopen because it did not address her approved I-130 petition. She sought to reopen her proceedings on various bases, including in light of the Keeping Families Together (KFT) program, which DHS had implemented on August 19, 2024, to allow qualifying undocumented spouses of U.S. citizens to "parole in place," providing a pathway to adjustment of status.[1] *See* A.R. at 19-21; *see also* 8 C.F.R. § 1003.2(c). Finally, Hernandez Sorto sought to terminate her proceedings because of the defective NTA.

The BIA denied the motion to reconsider as untimely, and denied the motion to reopen as both time- and number-barred. It also denied the motion to terminate, concluding that Hernandez Sorto had waived her right to challenge the NTA by failing to

---

[1] *See Keeping Families Together*, U.S. Citizenship & Immigr. Servs., https://www.uscis.gov/keepingfamiliestogether (last visited June 11, 2026).

pursue it earlier. Finally, the BIA declined to exercise its discretion to reopen or reconsider sua sponte. Hernandez Sorto, proceeding pro se, timely petitioned for review.

We have jurisdiction under 8 U.S.C. § 1252(a); *see also Nocon v. I.N.S.*, 789 F.2d 1028, 1032 (3d Cir. 1986). We review the BIA's denial of motions to reconsider and reopen for abuse of discretion, and will reverse the BIA's denial only if it is "arbitrary, irrational, or contrary to law." *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005) (citation omitted).

We discern no abuse of discretion in the BIA's denial of Hernandez Sorto's motions to reconsider and reopen. Hernandez Sorto argues that her due process rights were violated because the BIA denied her motions on procedural grounds without considering the underlying claims. However, the BIA denied the motions as untimely because the motion for reconsideration was filed more than 30 days after the order denying the initial motion to reopen, *see* 8 U.S.C. § 1229a(c)(6)(B), and the motion to reopen was filed beyond 90 days of its May 18, 2023 final administrative decision, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and it found that none of the exceptions listed in 8 U.S.C. § 1229a(c)(7)(C) applied. It also determined that the motion to reopen was number barred. *See* 8 U.S.C. § 1229a(c)(7)(A) (providing that, generally, a petitioner may file one motion to reopen). Because the motions were denied on these grounds, which Hernandez Sorto does not challenge, the BIA was not required to reach the merits of her underlying claims.

Hernandez Sorto argues that the BIA should have equitably tolled the deadlines and failed to consider facts relevant to equitable tolling. The time limit for filing a

4

motion to reopen is subject to equitable tolling, which requires a petitioner to show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Nkomo v. Att'y Gen.*, 986 F.3d 268, 272-73 (3d Cir. 2021) (internal quotation marks and citation omitted). However, Hernandez Sorto argued to the BIA that her motion to reopen was timely, and, even assuming that equitable tolling also applies to motions to reconsider, she did not address the timeliness of the motion to reconsider with the BIA. While we recognize that she was not required to recite "magic words" or even relevant caselaw to put the BIA on notice of an equitable tolling claim, *Nkomo*, 986 F.3d at 273, the only equitable tolling argument that Hernandez Sorto arguably raised was related to a claim which the BIA rejected on the merits.

Specifically, Hernandez Sorto sought reopening based on the "recently announced" DHS program "Keeping Families Together," which "was not previously available to" her. A.R. at 19-21. As the BIA noted, however, that program had since been vacated. *See* A.R. at 4 n.4 (citing *Texas v. U.S. Dep't of Homeland Sec.*, No. 6:24-cv-00306, 2024 WL 4711951 (E.D. Tex. Nov. 7, 2024)); *see also INS v. Abudu*, 485 U.S. 94, 105 (1988) (recognizing that the agency may deny a motion to reopen based on the failure to establish a prima facie case for the relief sought). The claim thus did not warrant equitable tolling.

Hernandez Sorto also challenges the denial of her motion to terminate, in which she argued that the NTA was defective because it did not specify the time and place for her hearing, as required by § 1229(a)(1). The BIA determined that Hernandez Sorto had

5

forfeited any objection to the NTA by raising it for the first time in a motion, after her proceedings had concluded. *See* A.R. at 4-5 (citing *In re Fernandes*, 28 I. & N. Dec. 605, 609 (BIA 2022) and *In re Nchifor*, 28 I. & N. Dec. 585 (BIA 2022)). Hernandez Sorto argues that the BIA erred because this "legal defect" did not become available until after the conclusion of her removal proceedings. Petitioner's Br. at 13, 22. She is mistaken. The basis for her claim was announced in *Pereira*, 585 U.S. at 209, while her proceedings were still before the IJ.[2] We note that Hernandez Sorto acknowledges that a defective NTA does not deprive the immigration court of jurisdiction, *see Nkomo v. Att'y Gen.*, 930 F.3d 129, 133 (3d Cir. 2019), and, as the Government notes, she did not allege how she was otherwise prejudiced by the NTA. The BIA therefore did not abuse its discretion in denying the motion to terminate. *See Penaranda Arevalo v. Bondi*, 130 F.4th 325, 342 (2d Cir. 2025) (employing abuse-of-discretion to review motion to terminate).

Finally, although the BIA had the authority to sua sponte reopen or reconsider the proceedings despite the untimeliness of the motion, its decision declining to do so is discretionary and beyond our jurisdiction in this case. *See Calle–Vujiles v. Ashcroft*, 320

---

[2] Hernandez Sorto argues that the BIA did not discuss how the "intervening law" in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), affected her case. *See* Petitioner's Br. at 13. However, any such error was harmless as the BIA discussed that case when it denied her prior motion to reopen and concluded that she was not prima facie eligible for cancellation of removal. *See* A.R. at 29-30; *cf. Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011) (applying harmless error on immigration review "when it is highly probable that the error did not affect the outcome of the case"); *Suchite-Salguero v. Att'y Gen.*, 147 F.4th 355, 360-61 & n.5 (3d Cir. 2025) (recognizing that harmless error continues to apply in immigration cases after the narrowing of the *Chenery* doctrine).

F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.").

Based on the foregoing, we will deny in part and dismiss in part the petition for review.